**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHERN CALIFORNIA STROKE REHABILITATION ASSOCIATES, INC., a California corporation, | No. 12-56824 |
| | D.C. No. 3:09-cv-00744-CAB-MDD |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| NAUTILUS, INC., a Washington corporation, DBA The Nautilus Group, Inc., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 10, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

**1.** The district court properly granted judgment as a matter of law against

Southern California Stroke Rehabilitation Associates, Inc. (SCSRA). Notice to the

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

seller of an alleged breach of warranty is a required element under California Commercial Code § 2607(3)(A), and notice must occur pre-suit. *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). While notice need not be formal, the purpose of the statutory requirement is to give the defendant an "opportunity [to repair] the defective item, reduc[e] damages, avoid[] defective products in the future, and negotiat[e] settlements." *Pollard v. Saxe & Yolles Dev. Co.*, 525 P.2d 88, 92 (Cal. 1974). No reasonable jury could conclude that SCSRA's May 2008 letter provided Nautilus with the requisite notice of an impending breach-of-warranty claim, even as to the weight trees mentioned in the letter. *See* Fed. R. Civ. P. 50(a). As to the rest of the equipment at issue here, SCSRA claimed it was unaware of the defects underlying the present action until after the *Direct Focus* litigation concluded. Assuming that to be true, SCSRA's May 2008 letter, sent during the *Direct Focus* litigation, could not have notified Nautilus of defects that SCSRA itself had not yet discovered.

The district court did not err in rejecting SCSRA's novel "futility" and equitable estoppel excuses. No California court has recognized such excuses to § 2607(3)(A)'s notice requirement, and given the absence of a prejudice requirement, it's unlikely a California court would do so. *See Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 22 (Cal. Ct. App. 2008).

**2.** The district court didn't abuse its discretion in denying leave to amend the complaint. In addition to SCSRA's undue delay in seeking leave to amend, allowing amendment would have prejudiced Nautilus by requiring another round of summary judgment motions and materially altering the scope of the litigation. The district court didn't clearly err in finding that SCSRA's new assertions were inconsistent with its original claims, and that SCSRA knew or should have known the relevant facts at least three years prior to seeking leave to amend. Under these circumstances, the district court did not abuse its discretion in denying leave to amend. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951–54 (9th Cir. 2006).

**AFFIRMED.**